UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO SHORT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DERBYWIRE, INC., SELFIEPAY, INC. ) <br> AND SHARON BATTLE, ) <br> ) <br> Defendants. ) | Case No. 1:15-cv-11203 <br><br> Judge Sharon J. Coleman |

**PARTIES' JOINT INITIAL STATUS REPORT**

Plaintiff, Mario Short ("Short"), by his attorneys, Ice Miller LLP, and Defendants Derbywire, Inc. ("Derbywire"), Selfiepay, Inc. ("Selfiepay") and Sharron Battle ("Ms. Battle," and together with Derbywire and Selfiepay, "Defendants"), by their attorneys, Barnes & Thornburg LLP, hereby submit the following Joint Initial Status Report in advance of the Initial Status Hearing scheduled for Friday, March 11, 2016:

**1.    The Nature of the Case**

   **a.    Attorneys of Record**

   - Heather L. Maly and Thomas A. Walsh (*pro hac vice*) for Plaintiff, and
   - Ryan M. McLaughlin, Thomas Haskins (*pro hac vice*), and Victor Vital (*pro hac vice* application pending) for Defendants.

   **b.    Basis for Federal Jurisdiction**

Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship. Short is an individual who is a citizen of the state of Illinois. Derbywire and Selfiepay are Delaware corporations with their principal place of business in the state of Georgia.

Ms. Battle is an individual who is a citizen of the state of Georgia. At this stage in the proceedings, these facts, as pled, are sufficient to establish complete diversity.

    **c.    Nature of the Claims and Counterclaims**

Short seeks rescission and damages for Defendants' alleged fraud related to the execution of two promissory notes. In March 2015, Short executed a convertible promissory note with Derbywire in the amount of $50,000 (the "March Note"). That note is due and payable on March 18, 2016. Shortly after, Short executed a second convertible promissory note in the amount of $70,000 (the "April Note"). That note is due and payable on April 3, 2016.

Short's Complaint raises four causes of action relating to these promissory notes: 1) fraud in the inducement related to the Promissory Notes; 2) violation of the Illinois Securities Laws of 1953 (the "Illinois Securities Laws") as a result of Defendants' alleged fraudulent conduct; 3) violation of the Illinois Securities Laws as a result of Defendants' alleged failure to register the Derbywire Notes with the Illinois Secretary of State; and 4) declaratory judgment seeking a declaration that Short is invested in Selfiepay.

Defendants deny any liability to Short and have filed a motion to dismiss Short's Complaint for failing to state a claim and for lack of subject matter jurisdiction. That motion is pending before this Court.

    **d.    Major Legal and Factual Issues Anticipated in the Case**

        **i.    Principal legal issues**

    **a)** Whether Short may bring a fraud claim based on the execution of the two promissory notes.

    **b)** Whether Defendants are liable for fraud based on alleged statements made prior to the execution of the two promissory notes.

    **c)** Whether the two promissory notes constitute investments in Selfiepay based on the written and oral representations made by the Defendants.

>> **ii.     Principal factual issues**
>
> **a)** The facts and circumstances surrounding the execution of the two promissory notes.
> **b)** The promotion of the two promissory notes by Defendants prior to the execution by Short.

> **e.     Relief Requested by Short**

Short seeks rescission of the March and April Notes and damages in the amount of $120,000, plus interest and costs and attorneys' fees. In the alternative, Short seeks a declaration that he is an investor in Selfiepay via the March and April Notes.

**2.     Pending Motions and Case Plan**

> **a.     Pending Motions**

On February 29, 2016, Defendants filed a Motion to Dismiss this matter for failure to state a claim and for lack of subject matter jurisdiction. Defendants noticed their motion for presentment before this Court on Tuesday, March 8, 2016.

> **b.     Proposed Discovery and Case Management Plan**
>
>> **1) Type of discovery needed**

The parties anticipate that they will need written discovery (including Document Requests, Interrogatories and Requests for Admissions), and at least two depositions. The parties do not believe, at this point, that discovery should be conducted in phases or limited to certain issues. At this time, the parties believe that the presumptive discovery limits of the Federal Rules of Civil Procedure will not need to be modified in this case.

**2) Proposed Discovery Plan**

| Event | Date |
|---|---|
| Date for Rule 26(a)(1) Disclosures | April 1, 2016 |
| Written Discovery Issued Deadline | April 30, 2016 |
| Fact Discovery Completion Date | August 1, 2016 |
| Last Date to File Dispositive Motions | September 1, 2016 |
| Pretrial Order Date | 45 days after the ruling on any dispositive motions |

**3) Proposed Protective Order**

The parties believe there is need for a protective order to be entered in this case in accordance with the Local Rules for the Northern District of Illinois in order to protect the confidential business information of Short and Defendants.

**4) Estimation of when the case will be ready for trial**

Counsel estimate that this case will be ready for trial approximately seven months after the initial status hearing or in September, 2016. Counsel estimate that the trial will last approximately three days.

**5) Jury Demand**

The parties waive their right to a jury trial.

**3. Consent to Proceed Before a Magistrate Judge**

The parties do not consent to proceed before the Magistrate Judge for all proceedings. Defendants consent to proceed before the Magistrate Judge on discovery motions and for a pretrial settlement conference.

4

**4.** **Status of Settlement Discussions**

      The parties have recently engaged in limited settlement discussions, but not successfully.

The parties would consider a settlement conference.

| **DERBYWIRE, INC., SELFIEPAY, INC., and SHARRON BATTLE** | **MARIO SHORT** |
|---|---|
| By:   /s/ Ryan M. McLaughlin | By:   /s/ Heather L. Maly |
| Ryan M. McLaughlin<br>**BARNES & THORNBURG LLP**<br>One North Wacker Drive, Suite 4400<br>Chicago, Illinois 60606<br>(312) 357-1313 Tel<br>(312) 759-5646 Fax<br><br>Victor Vital (*pro hac vice* forthcoming)<br>Thomas G. Haskins, Jr. (*pro hac vice*)<br>**BARNES & THORNBURG LLP**<br>2100 McKinney Ave, Suite 1250<br>Dallas, TX 75201<br>(214) 258-4200 Tel<br>(214) 258-4199 Fax | Heather L. Maly<br>**ICE MILLER LLP**<br>200 West Madison, Suite 3500<br>Chicago, Illinois 60606<br>(312) 726-1567<br><br>Thomas A. Walsh (*pro hac vice*)<br>**ICE MILLER LLP**<br>One American Square, Suite 2900<br>Indianapolis, Indiana 46282<br>(317) 236-2100 |

Dated: March 7, 2016

DMS 3804940v1

C\770918.1